NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXIS LOMBARDO, | CIVIL ACTION NO. 18-17270 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| GERALD ANTHONY LOMBARDO; and J.P. MORGAN CHASE & CO., | |
| Defendants. | |

**LINARES**, Chief District Judge

The plaintiff, Alexis Lombardo (hereinafter, "Plaintiff"), brings this action against: (a) her former spouse, the defendant Gerald Anthony Lombardo (hereinafter, "Defendant"); and (b) Defendant's former employer, the defendant J.P. Morgan Chase & Co. (hereinafter, "Chase"). (ECF No. 1; ECF No. 1-1.) The action was removed to Federal Court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 at 3–5.) The only claim that Plaintiff asserts against Defendant is to recover damages for invasion of privacy (hereinafter, "the Invasion Of Privacy Claim"). (ECF No. 1-1 at 3.)

Currently pending before this Court is Defendant's motion (hereinafter, "the Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Invasion Of

Privacy Claim based upon the Entire Controversy Doctrine. (ECF No. 8 through ECF No. 8-4; ECF No. 13; ECF No. 13-1.) Plaintiff opposes the Motion. (ECF No. 12 through ECF No. 12-2.) The Court resolves the Motion upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the Motion is granted.

## I. BACKGROUND

### A. Timeline Of Events Leading Up To This Action

At this stage in this litigation, the Court accepts Plaintiff's allegations and all reasonable inferences that can be drawn from them as being true, and thus the Court relies upon those allegations in reaching its determination. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 & n.2 (3d Cir. 2016); *see also Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009). The Court derives the timeline of relevant events that follows herein only from the papers submitted for the Court's review by the Plaintiff. (*See* ECF No. 1-1 at 3–6 (Plaintiff's second amended complaint); ECF No. 12 at 5–6 (Plaintiff's opposition brief); ECF No. 12-1 at 1–2, 4, 6 (certification by Plaintiff herself, as opposed to by Plaintiff's counsel); ECF No. 12-1 at 57–74 (an Order entered by New Jersey Superior Court on May 16, 2018).)

In 2009, Plaintiff and Defendant were divorced by a Judgment entered in New York State Court. The Judgment was registered in New Jersey. Plaintiff and Defendant have two children.

In 2012, Plaintiff opened bank accounts at Chase in her name only. Plaintiff opted to receive texts to only her cell phone from Chase for alerts concerning balances, withdrawals, purchases, payments, charges, refunds, and other transactions.

In October 2013, Defendant began working at Chase. In November 2013, without Plaintiff's authorization or knowledge, Defendant's cell phone number was added to Plaintiff's accounts. As a result, Defendant's number was authorized to receive text alerts about Plaintiff's banking activity.

In June 2015, Defendant instituted a proceeding in New Jersey Superior Court seeking to reduce support payments and other obligations to Plaintiff (hereinafter, "the Support Proceeding"). Two years later in June 2017, Plaintiff discovered for the first time that Defendant's phone number had been added to her Chase accounts to receive text alerts concerning her banking activity, whereupon Plaintiff caused Chase to remove Defendant's phone number from her accounts.

In January 2018, Plaintiff filed an inquiry with Chase concerning the previous addition of Defendant's phone number for text alerts to her accounts. Also in January 2018, Defendant left his job at Chase.

In February 2018, Plaintiff followed up in writing with Chase, which informed her in response that the matter was being investigated. In April 2018, Plaintiff again sought an update from Chase concerning its investigation. In May 2018, Plaintiff received correspondence from Chase asserting that it was unable to provide an explanation

concerning her inquiry at that juncture.

On May 16, 2018, New Jersey Superior Court entered an Order in the Support Proceeding that awarded Defendant both a reduction of future support payments and a retroactive application of the reduced payments (hereinafter, "the Support Order"). There is no indication in the record that Plaintiff has either moved for reconsideration of the Support Order or filed an appeal from the Support Order.

**B.     This Action**

Plaintiff initially brought the Invasion Of Privacy Claim against Defendant on September 28, 2018. (ECF No. 1 at 1.)[1] This was: (a) fifteen months after Plaintiff initially discovered in June 2017 that Defendant's phone number was allegedly receiving text alerts concerning her banking activity; and (b) four months after the Support Proceeding had ended and the Support Order had been entered in May 2018.

In the current version of the Invasion Of Privacy Claim, Plaintiff alleges that she is entitled to recover damages from Defendant for the injuries Defendant has caused her by accessing her accounts without her authorization or knowledge. (ECF No. 1-1 at 3–5.) As drafted by Plaintiff, the Invasion Of Privacy Claim makes repeated references to the Support Proceeding, including allegations that Defendant prevailed therein and that Plaintiff incurred legal fees in defending herself therein. (*Id.*)

---

[1]     The Court confirmed this date on the docket for the New Jersey State Courts. *See Lombardo v. Lombardo, et al.*, No. L-3307-18 (N.J. Superior Ct., Union Cty.).

4

## C. The Motion

In support of the Motion, Defendant argues that the Invasion Of Privacy Claim is barred by the Entire Controversy Doctrine because Plaintiff should have raised that Claim in New Jersey Superior Court within the Support Proceeding itself. (ECF No. 8-2 at 13–15.) In opposition, Plaintiff argues that the Entire Controversy Doctrine does not operate to bar her from asserting the Invasion Of Privacy Claim at this juncture because that Claim is not related to the issues in the Support Proceeding, and that its application would be inequitable in any event. (*See generally* ECF No. 12.)

## II. DISCUSSION

### A. Legal Standard

It is not necessary for this Court to restate the standard for resolving this Motion, *i.e.*, a motion that has been made pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss a claim, because that standard has already been enunciated by the United States Supreme Court and the Third Circuit Court of Appeals. *See Palakovic v. Wetzel*, 854 F.3d 209, 219–20 (3d Cir. 2017) (setting forth the standard, and explaining the holdings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining the holdings in *Iqbal* and *Twombly*).

**B. Analysis**

As noted above, Defendant argues that the Invasion Of Privacy Claim is barred by the Entire Controversy Doctrine. The Entire Controversy Doctrine, "which does not require commonality of issues, precludes a party from later bringing claims that could have been joined in the earlier action," particularly when those claims "arise from related facts or the same transaction or series of transactions." *Zahl v. Warhaftig*, 655 F. App'x 66, 76 (3d Cir. 2016) (internal quotes and citations omitted); *see Opdycke v. Stout*, 233 F. App'x 125, 129 n.6 (3d Cir. 2007) (setting forth the broad reach that the Entire Controversy Doctrine has upon subsequent litigation).

The Court concludes that Plaintiff should have asserted the Invasion Of Privacy Claim in the Support Proceeding, because Defendant's conduct underlying the Invasion Of Privacy Claim was intertwined with the issues being addressed in the Support Proceeding. *See Oliver v. Ambrose*, 152 N.J. 383, 394, 397 (1998) (holding that the Entire Controversy Doctrine applies in family matters, and that a tort claim that accrues between the parties during the pendency of a support proceeding should be raised in that support proceeding itself). Furthermore, Plaintiff was keenly aware of Defendant's alleged unauthorized access to her bank accounts as of June 2017 while the Support Proceeding was still ongoing, yet she took no steps to assert the Invasion Of Privacy Claim until September 2018, which was fifteen months after she became aware of Defendant's alleged tortious conduct and four months after the Support Proceeding had

ended in May 2018. Even in a situation such as this one where "the *success* of a . . . claim" that accrues during the pendency of the original action, *i.e.*, the Invasion Of Privacy Claim, "may depend upon the success of the underlying litigation," *i.e.*, the Support Proceeding, "the *assertion* of . . . [that] claim does not." *Reid v. Transp. Ins. Co.*, 502 F. App'x 157, 159 (3d Cir. 2012) (emphasis in original).

Plaintiff argues in her opposition papers that she was unable to assert the Invasion Of Privacy Claim earlier because "[t]he facts underlying the invasion of privacy were discovered days before the [New Jersey Superior] [C]ourt issued its [Support Order]" in May 2018. (ECF No. 12 at 17.) However, that argument is not accurate, as Plaintiff alleges in the Second Amended Complaint that she was aware as early as June 2017 of Defendant's alleged previous access to her Chase bank accounts. (ECF No. 1-1 at 3–5.) Furthermore, Plaintiff admits in her own certification that by November 2017 she indeed had some information about the potential invasion of her privacy because Defendant's phone number "was mysteriously linked to [her] accounts." (ECF No. 12-1 at 3 (Plaintiff's certification).)

Additionally, although Plaintiff argues that the Invasion Of Privacy Claim and the Support Proceeding are completely unrelated, Plaintiff concedes in her opposition brief that "[t]he previous action [*i.e.*, the Support Proceeding,] may be instructive in ascertaining damages to the Plaintiff." (ECF No. 12 at 9.) Furthermore, Plaintiff has submitted a copy for the Court's review of her February 2018 correspondence to Chase

inquiring as to Defendant's alleged access to her bank accounts, wherein Plaintiff herself asserted that "[t]his potential breach by [Defendant] may have given him significant advantages and leverage in a legal proceeding which he is party to." (ECF No. 12-1 at 36.)

It is apparent that Plaintiff possessed a basis for bringing the Invasion Of Privacy Claim while the Support Proceeding was pending. As a result, this is the type of circumstance in which the Entire Controversy Doctrine must be considered, as "[t]he entire controversy doctrine applies to constituent claims that arise during the pendency of the first action that were known to the litigant." *See Chrystal v. N.J. Dep't of Law & Pub. Safety*, 535 F. App'x 120, 124 (3d Cir. 2013) (internal quotes and citation omitted) (holding that a plaintiff was barred from asserting a claim in a new action due to the application of the Entire Controversy Doctrine, as the plaintiff became aware of that claim during the pendency of an earlier related state action and before that related state action went to trial, yet the plaintiff failed to assert that claim in the earlier action).

As to the Entire Controversy Doctrine, it is true that "[i]f a plaintiff could have brought a related claim in a prior state court proceeding and failed to do so, he will be barred from bringing that claim in the future[, but] [h]e would not . . . be barred if the state court lacked subject matter jurisdiction over the claim." *Litgo N.J. Inc. v. Comm'r N.J. Dep't of Envtl. Prot.*, 725 F.3d 369, 393 (3d Cir. 2013).

However, Plaintiff could have asserted the Invasion Of Privacy Claim within the

Support Proceeding, because it is well-settled law in New Jersey that the New Jersey Superior Court overseeing the Support Proceeding possessed the jurisdiction to consider other accrued claims between Plaintiff and Defendant. *See Arauco v. Perez*, No. A-5261-16T4, 2018 WL 3554361, at *3–4 (N.J. App. Div., July 25, 2018) (holding that the New Jersey Superior Court in the Family Part assigned to a support proceeding brought by the mother against the father erred in holding that it lacked jurisdiction to resolve a separate unjust enrichment claim brought by the father against the mother even though the support proceeding was pending, and erred in holding that the father should have brought that claim in the Law Division); *see also Dragani v. Genesee Valley Inv'rs, LLC*, No. 11-1193, 2011 WL 2472770, at *1 (D.N.J. June 20, 2011) (adopting a Magistrate Judge's Report & Recommendation — found at 2011 WL 2491066, at *4 — that noted "that New Jersey courts regularly apply the entire controversy [doctrine] to family actions," and that a party with a related claim arising during the pendency of a family action risks having it barred unless that party allows the court overseeing the family action to determine in the first instance whether the claim should be joined); *Oliver*, 152 N.J. at 394, 401 (holding that "[t]he entire controversy doctrine applies to family actions," and that it is the function of the trial court — and not the litigants — in the first instance to determine whether the joinder of a claim is appropriate); *Brennan v. Orban*, 145 N.J. 282, 290 (1996) (noting that the New Jersey courts have held that the Entire Controversy Doctrine "applies to family actions"). Thus, dismissal of the Invasion Of Privacy Claim is

appropriate under the Entire Controversy Doctrine, as Plaintiff failed to provide the New Jersey Superior Court assigned to the Support Proceeding with an opportunity to address the Invasion Of Privacy Claim.

The Court also holds that equitable considerations do not relieve Plaintiff of the application of the Entire Controversy Doctrine upon her Invasion Of Privacy Claim in this action. First, for fifteen months prior to bringing the Invasion Of Privacy Claim, Plaintiff knew that Defendant's phone number had been listed with Chase as a recipient for text alerts about her banking information, and thus any argument that Plaintiff was unsure whether there was a basis for bringing an Invasion Of Privacy Claim before September 2018 is without merit.

Secondly as to the issue of the potential inequity of the Court's dismissal of the Invasion Of Privacy Claim, the financial situations of Plaintiff and Defendant would change if Plaintiff were to prevail on the Invasion Of Privacy Claim, In other words, if Plaintiff were awarded damages, then Plaintiff's finances would have been enhanced and Defendant's finances would have been diminished. As the New Jersey Supreme Court held when it concluded that it was not inequitable to bar a former wife from proceeding with a separate civil claim against a former husband that had accrued during the prior divorce action that had already been resolved:

> A wife's civil claims for monetary compensation against her husband, and his contingent liability therefor, would seem a relevant circumstance affecting the parties' financial status in the context of a matrimonial controversy. Hence, in assessing the equities in this present case from

the perspective of the statute of limitations, it is not unfair to conclude that, during the pendency of the matrimonial litigation, plaintiff had given some thought to the possibility of asserting a claim against her husband as evidenced by the fact that such a claim was brought within weeks after the grant of the divorce. Since the circumstances of the marital tort and its potential for money damages were relevant in the matrimonial proceedings, the claim should not have been held in abeyance; it should, under the "single controversy" doctrine, have been presented in conjunction with that action as part of the overall dispute between the parties in order to lay at rest all their legal differences in one proceeding and avoid the prolongation and fractionalization of litigation.

*See Tevis v. Tevis*, 79 N.J. 422, 433–34 (citations omitted); *see also Arauco*, 2018 WL 3554361, at *4 (holding that "[r]esolution of [the father's separate tort] claim [against the mother] will have a significant bearing on the financial status of the parties, which is a key consideration in the determination of child support" in a support proceeding).

Here, the New Jersey Superior Court assigned to the Support Proceeding certainly would have considered these potential changes in the respective finances of Plaintiff and Defendant before issuing the Support Order, as "[o]bviously" a judgment in favor of Plaintiff on the Invasion Of Privacy Claim "would have been a relevant circumstance affecting [Plaintiff's] and [Defendant's] financial status." *Oliver*, 152 N.J. at 399 (holding that a separate tort claim brought by the mother against the father should have been resolved during an earlier support proceeding, as the resolution would have affected the support amount to be awarded when the trial court considered all income and liabilities, and thus the tort claim was barred by the Entire Controversy Doctrine); *see*

*also Nafar v. Hollywood Tanning Sys., Inc.*, 339 F. App'x 216, 224 n.2 (3d Cir. 2009) (holding that if it would "be likely [for parties] to have to engage in additional litigation to conclusively dispose of their respective bundles of rights and liabilities that derive from a single transaction or related series of transactions, the omitted components of the dispute or controversy must be regarded as constituting an element of one mandatory unit of litigation," thereby barring a subsequent claim that is based upon those "omitted components" under the Entire Controversy Doctrine). Thus, the dismissal of the Invasion Of Privacy Claim pursuant to the Entire Controversy Doctrine is appropriate, once again.

Furthermore, the Court is cognizant of the fact that a motion to dismiss that relies on the Entire Controversy Doctrine can only be granted if the basis for its application is appearing on the face of a plaintiff's pleadings *See Ricketti v. Barry*, 775 F.3d 611, 615 (3d Cir. 2015) (holding the same); *see also Oliver*, 152 N.J. at 396 (the Entire Controversy Doctrine "will not bar a claim that was unknown or unaccrued at the time of the original action"). That standard has been met in this case, as the Invasion Of Privacy Claim is not presented in a vacuum. Indeed, Plaintiff's own papers make repeated references to the Support Proceeding, the Support Order, and the expenses that Plaintiff incurred in the Support Proceeding. (*See* ECF No. 1-1 at 3–5; ECF No. 12-1 at 2–3, 6.) Therefore, the Court concludes that the Invasion Of Privacy Claim is barred by the Entire Controversy Doctrine.

### III. CONCLUSION

Accordingly, the motion to dismiss is granted based upon the Entire Controversy Doctrine, and the Invasion Of Privacy Claim is dismissed. The Court will enter an appropriate order.

Date: April 3rd, 2019

**JOSE L. LINARES**
Chief Judge, United States District Court